IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Clyde Hunt, | ) | C/A No. 3:14-70-MGL-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| West Columbia Police Dept; Donald Myers, | ) | |
| *Solicitor*; Dennis Tyndall, *Chief of Police*; Joe | ) | |
| Putney, *Police Officer*; Doug Hook, *Police* | ) | |
| *Officer*, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

Plaintiff Clyde Hunt, a self-represented litigant, filed this action pursuant to 42 U.S.C. § 1983 alleging a violation of his constitutional rights by the defendants. Hunt also alleges that the defendants violated the South Carolina Constitution and South Carolina law. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.) for a Report and Recommendation on the defendants' motions for summary judgment. (ECF Nos. 48 & 62.) Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), Hunt was advised of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to the defendants' motions. (ECF Nos. 51 & 63.) Hunt filed a response in opposition to the motion for summary judgment filed by Defendants West Columbia Police Department, Tyndall, Putney, and Hook (ECF No. 53) and these defendants filed a reply (ECF No. 54.)[1]

---

[1] Hunt did not file a response in opposition to Defendant Myers's motion for summary judgment.

Page 1 of 17



Hunt's claims arise from an incident on June 3, 2011, when he was arrested by officers of the West Columbia Police Department for the offense of possession of cocaine. A sum of money was confiscated during the arrest. Hunt seeks monetary damages and injunctive relief. Having carefully considered the parties' submissions and the applicable law, the court concludes that the defendants' motions should be granted.

## DISCUSSION

**A.     Summary Judgment Standard**

Summary judgment is appropriate only if the moving party "shows that there is no genuine dispute as to any material fact and the [moving party] is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party may support or refute that a material fact is not disputed by "citing to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). Rule 56 mandates entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248.



The moving party has the burden of proving that summary judgment is appropriate. Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial. See Fed. R. Civ. P. 56(c), (e); Celotex Corp., 477 U.S. at 322. Further, while the federal court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case, see, e.g., Cruz v. Beto, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

**B.      Hunts's Claims**

   **1.      Improper Defendants**

      **a.      West Columbia Police Department**

The defendants argue that Defendant West Columbia Police Department is not a "person" amenable to suit under § 1983. A legal action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." City of Monterey v. Del Monte Dunes at Monterey, Ltd., 526 U.S. 687, 707 (1999). To state a claim under § 1983, a plaintiff must allege: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988). It is well settled that only "persons" may act under color of state law, Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690 n.55 (1978), and the "West Columbia Police Department, a local police department, is an instrumentality of a municipality—not an independent entity—and



thus not a 'person' within the meaning of § 1983." Milligan v. Drug Enforcement Admin., C/A No. 3:13-2757-TLW, 2014 WL 897144, at *5 (D.S.C. Mar. 6, 2014) (accepting report and recommendation) (collecting cases); see also Terrell v. City of Harrisburg Police Dep't, 549 F. Supp. 2d 671, 686 (M.D. Pa. 2008) (holding that "police departments operated by municipalities are not 'persons' amenable to suit under § 1983").

In his response in opposition to the defendants' motion for summary judgment, Hunt indicates that Defendants Myers, Tyndall, Putney, and Hooks are "persons" amenable to suit under § 1983. (Pl.'s Resp. Opp'n Summ. J. at 2, ECF No. 53 at 2.) However, Hunt does not refute the defendants' argument that the West Columbia Police Department is not a proper defendant in this case. Accordingly, the court concludes that the West Columbia Police Department is not a cognizable defendant under § 1983, and the defendants' motion for summary judgment should be granted as to Hunt's claims against this defendant.

### b.     Defendant Donald Myers

Defendant Myers, the Solicitor for the Eleventh Judicial Circuit, asserts that he is protected by prosecutorial immunity from Hunt's claims associated with this defendant's involvement in civil forfeiture proceedings and/or involvement in criminal proceedings stemming from the June 2011 arrest. Prosecutors have absolute immunity for activities in or connected with judicial proceedings such as criminal trials, bond hearings, bail hearings, grand jury proceedings, and pre-trial motions hearings. Buckley v. Fitzsimmons, 509 U.S. 259 (1993); Dababnah v. Keller-Burnside, 208 F.3d 467 (4th Cir. 2000). Such immunity also "extends to forfeiture proceedings." Russell v. Myers, C/A No. 9:08-2893-HFF-BM, 2008 WL 4441929, at *3 (D.S.C. Sept. 30, 2008) (adopting and incorporating report and recommendation) (collecting cases); see also Bennett v. Barrat, C/A No.



3:13-cv-128, 2014 WL 4660646, at *6 (N.D. W. Va. Sept. 16, 2014) (adopting report and recommendation finding a prosecutor absolutely immune from due process claims associated with a civil forfeiture hearing). As Hunt has failed to forecast evidence to refute Defendant Myers's contention that he is protected from Hunt's claims by prosecutorial immunity, the court concludes that Defendant Myers's motion for summary judgment should be granted.[2]

### 2.    Official Capacity Claims

Defendants Tyndall, Putney, and Hook are entitled to summary judgment as to any official capacity claims alleged against them. Official capacity suits against a municipal defendant are " 'treated as suits against the [municipality].' " Santos v. Frederick Cnty. Bd. of Comm'rs, 725 F.3d 451, 469 (4th Cir. 2013) (alteration in original) (quoting Hafer v. Melo, 502 U.S. 21, 25 (1991)). The United States Supreme Court has held that a municipality or other local governmental entity may be liable under § 1983 for the violation of a plaintiff's constitutional rights "only where the constitutionally offensive acts of city employees are taken in furtherance of some municipal 'policy or custom.' " Milligan v. City of Newport News, 743 F.2d 227, 229 (4th Cir. 1984) (quoting Monell, 436 U.S. at 694); see also Bd. of Cnty. Comm'rs v. Brown, 520 U.S. 397, 403 (1997); Walker v. Prince George's Cnty., 575 F.3d 426, 431 (4th Cir. 2009). Thus, a plaintiff who seeks to assert a

---

[2] Hunt's claims against Solicitor Myers are also subject to dismissal for failure to prosecute. Notwithstanding the specific warning and instructions set forth in the court's Roseboro order, Hunt did not file a response in opposition to Defendant Myers's motion for summary judgment. As Hunt is proceeding *pro se*, the court filed a second order on March 16, 2015, advising Hunt that it appeared to the court that he was not opposing the motion and wished to abandon his claims against Defendant Myers, and giving Hunt an additional fourteen days in which to file his response to Defendant Myers's motion. (ECF No. 67.) Hunt was specifically warned that if he failed to respond, his claims against Defendant Myers would be recommended for dismissal with prejudice for failure to prosecute. See Davis v. Williams, 588 F.2d 69, 70 (4th Cir. 1978); Fed. R. Civ. P. 41(b). Despite this second warning, Hunt still did not respond. Hunt therefore meets all of the criteria for dismissal under Chandler Leasing Corp. v. Lopez, 669 F.2d 919 (4th Cir. 1982).



§ 1983 claim against a municipality for acts done by a municipal official or employee is obliged to identify a municipal policy or custom that caused the plaintiff's injury.

Hunt generally asserts the existence of policies and procedures concerning illegal searches and illegal seizure of property which allegedly "infringe upon the federal protected and clearly established" rights of citizens of West Columbia. (Compl. at 7, ECF No. 1 at 7.) However, as argued by the defendants, Hunt's Complaint and response in opposition to the defendants' motion for summary judgment fail to cite any specific policy of the West Columbia Police Department. While the court must liberally construe a *pro se* complaint, the United States Supreme Court has made clear that a plaintiff must do more than make conclusory statements to state a claim, and must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 677-79 (2009). As Hunt has not produced any evidence of—or even alleged— a violation of his constitutional rights by Defendants Tyndall, Putney, and Hook pursuant to a specific policy or custom of the West Columbia Police Department, the court concludes that no reasonable jury could find that the defendants are liable in their official capacities. Therefore, the defendants are entitled to summary judgment as to Hunt's official capacity claims against them.[3]

---

[3] The court notes that, even if the West Columbia Police Department were considered a "person" amenable to suit under § 1983, it would be entitled to summary judgment for the same reasons stated in this section. Further, "municipalities are not liable pursuant to *respondeat superior* principles for all constitutional violations of their employees simply because of the employment relationship," Edwards v. City of Goldsboro, 178 F.3d 231, 244 (4th Cir. 1999) (citing Monell, 436 U.S. at 692-94), and a municipality may not be held liable under § 1983 solely because it employs the tortfeasor. Bd. of Cnty. Comm'rs, 520 U.S. at 403.



3.    **Individual Capacity Claims**

    a.    **Defendant Tyndall**

The defendants argue that Hunt has failed to allege any personal involvement by Defendant Tyndall and instead names this defendant in his capacity as supervisor for Defendants Putney and Hook. In support of their motion for summary judgment, the defendants provide an affidavit from Defendant Tyndall stating that Tyndall did not have any personal interaction with Hunt until September of 2013 when Tyndall received a letter inquiring about money confiscated during the June 2011 arrest. (Tyndall Aff. at 2-3, ECF No. 48-7 at 3-4.) Tyndall further testified that he responded to Hunt's letter and investigated the issues presented by Hunt, but found no improper behavior on the part of the arresting officers. (Id.)

The law is clear that personal participation of a defendant is a necessary element of a § 1983 claim against a government official in his individual capacity. Trulock v. Freeh, 275 F.3d 391, 402 (4th Cir. 2001). Moreover, a claim based upon the doctrine of respondeat superior does not give rise to a § 1983 claim. Monell, 436 U.S. at 691-94; see also Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009) ("Because vicarious liability is inapplicable to Bivens and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."). While supervisory officials may be held liable in some circumstances for constitutional injuries inflicted by their subordinates, Shaw v. Stroud, 13 F.3d 791, 798 (4th Cir. 1994), certain criteria must be demonstrated to trigger such liability. A plaintiff must show that the supervisory official (1) was actually or constructively aware of a risk of constitutional injury, (2) was deliberately indifferent to that risk, and (3) that an affirmative causal link exists between the

supervisor's inaction and the particular constitutional injury suffered by the plaintiff. Carter v. Morris, 164 F.3d 215, 221 (4th Cir. 1999).

In his response in opposition to the defendants' motion, Hunt does not address the contention that he failed to establish a deprivation of his constitutional rights by Defendant Tyndall in an individual or supervisory capacity. Moreover, Hunt has failed to forecast evidence to show that Tyndall was either personally involved in the arrest giving rise to the Complaint, or that this defendant was aware of any risk of constitutional injury to Hunt. Accordingly, the court concludes that no reasonable jury could find that Defendant Tyndall violated Hunt's constitutional rights either individually or in a supervisory capacity. Therefore, the defendants' motion for summary judgment should be granted as to Hunt's claims against Defendant Tyndall.

      b.      **Defendants Putney[4] and Hook**

           i.      **False Arrest and Malicious Prosecution**

To establish a § 1983 claim based on a Fourth Amendment violation for false arrest, false imprisonment, or malicious prosecution a plaintiff must show that the seizure was effected without probable cause. See Massey v. Ojaniit, 759 F.3d 343, 356 (4th Cir. 2014); Brown v. Gilmore, 278 F.3d 362, 367 (4th Cir. 2002); Rogers v. Pendleton, 249 F.3d 279, 294 (4th Cir. 2001); Brooks v. City of Winston-Salem, 85 F.3d 178, 183 (4th Cir. 1996). Thus, there is no § 1983 claim for false

---

[4] The defendants have presented evidence that Defendant Putney did not have any personal interaction with Hunt and did not begin working in the West Columbia Police Department's narcotics division until after Hunt's arrest. (See Putney Aff. at 1-2, ECF No. 48-9 at 2-3.) Hunt has presented no evidence to refute the defendant's assertion that Putney is named in this action based on a mistaken identity. The court notes that the defendants identify Investigator Nicholas Williams as an officer who made contact with Hunt during the June 2011 arrest. (See Hook Aff. at 1, ECF No. 48-8 at 2.) However, the court notes that its analysis of Hunt's claims would be equally applicable to Investigator Williams had he been named as a defendant in this case.



arrest, false imprisonment or malicious prosecution unless the officer lacked probable cause. See Street v. Surdyka, 492 F.2d 368, 372-73 (4th Cir. 1974). "Probable cause to justify an arrest arises when 'facts and circumstances within the officer's knowledge . . . are sufficient to warrant a prudent person, or one of reasonable caution, in believing, in the circumstances shown, that the suspect has committed, is committing, or is about to commit an offense.'" Porterfield v. Lott, 156 F.3d 563, 569 (4th Cir. 1998) (quoting Michigan v. DeFillippo, 443 U.S. 31, 37 (1979)). It requires more than bare suspicion, but less than evidence necessary to convict, Porterfield, 156 F.3d at 569, and the determination of whether probable cause exists is reviewed under the totality of the circumstances. See Illinois v. Gates, 462 U.S. 213, 238 (1983); Taylor v. Waters, 81 F.3d 429, 434 (4th Cir. 1996).

"[A]n indictment, fair upon its face, returned by a properly constituted grand jury, conclusively determines the existence of probable cause" unless the police officer "deliberately supplied misleading information that influenced the decision." Massey, 759 F.3d. at 356-57 (internal quotation marks and citation omitted). Moreover, an arrest made pursuant to a facially valid warrant will not support a claim for false arrest or malicious prosecution under the Fourth Amendment. See Porterfield, 156 F.3d at 568. Therefore, to demonstrate that an officer seized an individual pursuant to an arrest warrant without probable cause, a plaintiff must show that the officer "deliberately or with a reckless disregard for the truth made material false statements in his affidavit or omitted from that affidavit material facts with the intent to make, or with reckless disregard of whether they thereby made, the affidavit misleading." Miller v. Prince George's Cnty., 475 F.3d 621, 627 (4th Cir. 2007) (internal quotation marks and citations omitted).

In this case, Hunt was arrested without a warrant. However, the issue before the court is not whether Hunt committed the offense, but whether the defendants reasonably believed that Hunt



committed the crime. See Brown, 278 F.3d at 367 ("For probable cause to exist, there need only be enough evidence to warrant the belief of a reasonable officer that an offense has been or is being committed; evidence sufficient to convict is not required."). Accordingly, Hunt's argument that he is innocent of the crime based on a subsequent dismissal of the charge by a state court does not establish that the defendants lacked probable cause. Rather, Hunt must demonstrate that the defendants' belief that a violation occurred was not only incorrect, but was objectively unreasonable. Id. at 367-68.

Further, to establish the elements of a malicious prosecution claim, a plaintiff must demonstrate that the criminal charges brought against him have been resolved in his favor. See Brooks v. City of Winston-Salem, 85 F.3d 178, 183 (4th Cir. 1996). To demonstrate a favorable termination of criminal charges, a plaintiff must show that a prior criminal case "has been disposed of in a way that indicates the plaintiff's innocence." Snider v. Seung Lee, 584 F.3d 193, 202 (2009). "Courts have held that a simple, unexplained nolle prosequi, dismissal, or disposal of pending state charges that results in the dismissal of the charges for reasons other than the defendant's innocence does not satisfy the favorable termination requirement." Hewitt v. D.P. Garrison, C/A No. 6:12-3403-TMC, 2013 WL 6654237, at *2 (D.S.C. Dec. 17, 2013).

The record before the court shows that the defendants had grounds to reasonably believe that Hunt committed the crime of possession of cocaine. The defendants provide an affidavit from Defendant Hook in support of their motion for summary judgment, stating that Defendant Hook and Investigator Nicholas Williams made contact with Hunt on June 3, 2011 at approximately eleven o'clock in the evening. (Hood Aff. at 1, ECF No. 48-8 at 2.) Defendant Hook testified that the officers observed Hunt slow down below the posted speed limit when he noticed their patrol car


behind him, turn into the driveway of a residence, walk onto the front porch of the residence, knock on the door, then retreat towards the vehicle. (Hood Aff. at 2, ECF No. 48-8 at 3.) When Hunt realized the officers were watching he quickly returned to the porch and the officers decided to make contact to determine whether Hunt lived at the address. (Id.) Officer Williams fabricated a name for the homeowner and Hunt indicated that he knew the fabricated person very well. (Id.) When it became apparent that Hunt did not know the homeowner, the officers detained Hunt to determine his identity. (Id.) A plastic bag, containing a substance believed to be cocaine, was discovered under the front porch doormat where Defendant Hook had been observed. (Id.) The officers also determined that Hunt was driving without a valid license. (Id.) Hunt was arrested for driving without a license and possession of cocaine. (Id.)

While Hood had no involvement in the prosecution of Hunt's criminal charges, he testified to the understanding that the possession of cocaine charge was *nol prossed* in exchange for Hunt's guilty plea on a separate charge. (Hook Aff. at 3, ECF No. 48-8 at 4.) The defendants provide a copy of the disposition sheet for the possession of cocaine charge, reflecting that the charge was dismissed "[i]n exchange for plea to failure to stop for blue light." (Disposition Sheet at 1, ECF No. 48-4 at 4.) The affidavit testimony of Defendant Tyndall further reflects that the Lexington County Grand Jury returned an indictment against Hunt for possession of crack cocaine, and the defendants provide a copy of that indictment for the record. (See Tyndall Aff. at 2, ECF No. 48-7 at 3; see also Indictment at 1-2, ECF No. 48-4 at 2-3.)

Hunt's response in opposition to the defendants' motion reiterates his allegation of false arrest and the subsequent dismissal of the possession of cocaine charge. (Pl.'s Resp. Opp'n Summ. J. at 2, ECF No. 53 at 2.) However, Hunt's response does not refute the defendants' contention that



he was indicted by a properly constituted grand jury for the offense of possession of cocaine stemming from the June 2011 arrest, or that this charge was dismissed in exchange for Hunt's plea to another criminal charge. Further, Hunt has presented no evidence to demonstrate that the defendants lacked an objectively reasonable belief that Hunt possessed crack cocaine on June 3, 2011.

Accordingly, the court concludes that, based on the record before the court and the totality of the circumstances, no reasonable jury could find that the Hunt's arrest was made without probable cause. As such, the defendants' motion for summary judgment should be granted as to Hunt's false arrest and malicious prosecution claims.

### ii.     Search and Seizure of Money

The Fourth Amendment protects individuals from unreasonable searches and seizures, and it is well settled that "a search conducted without a warrant issued upon probable cause is per se unreasonable . . . subject only to a few specifically established and well-delineated exceptions." Schneckloth v. Bustamonte, 412 U.S. 218, 219 (1973) (internal quotation marks and citations omitted). It is equally well settled that " 'a search incident to a lawful arrest is a traditional exception to the warrant requirement of the Fourth Amendment.' " United States v. Currence, 446 F.3d 554, 556 (4th Cir. 2006) (quoting United States v. Robinson, 414 U.S. 218, 224 (1973)). "This exception provides that when law enforcement officers have probable cause to make a lawful custodial arrest, they may—incident to that arrest and without a warrant—search the arrestee's person and the area within his immediate control." Id. (quoting Chimel v California, 395 U.S. 752, 763 (1969)) (internal quotation marks omitted).



It is undisputed that, incident to Hunt's arrest on June 3, 2011, the defendants confiscated money from Hunt's person. As the court has determined that the defendants had probable cause for Hunt's June 2011 arrest, the court concludes that no reasonable jury could find that the defendants' search of Hunt's person, or seizure of money therefrom, constituted a Fourth Amendment violation. Accordingly, the defendants are entitled to summary judgment as to such claims.

### iii.    Due Process

The Due Process Clause of the Fourteenth Amendment provides that no State shall "deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. However, an intentional deprivation of property by a governmental employee, if unauthorized, does not violate the Due Process Clause if a meaningful post-deprivation remedy for such loss is available. Hudson v. Palmer, 468 U.S. 517, 533 (1984); see also Mora v. City of Gaithersburg, 519 F.3d 216, 230-31 (4th Cir. 2008). In South Carolina, prisoners may bring an action for recovery of personal property against officials who deprive them of property without state authorization. See McIntyre v. Portee, 784 F.2d 566, 567 (4th Cir. 1986) (citing S.C. Code Ann. §§ 15-69-10 et seq.). Such an action provides "a post-deprivation remedy sufficient to satisfy due process requirements." Id. (citing Parratt v. Taylor, 451 U.S. 527 (1981)). Thus, to the extent Hunt alleges an intentional and unauthorized deprivation of his money by the defendants, he has an adequate post-deprivation remedy under South Carolina law and fails to establish a violation of his due process rights.

Moreover, to the extent Hunt alleges an authorized and intentional deprivation of his confiscated money, the defendants have provided unrefuted evidence to show the commencement and completion of civil forfeiture proceedings for the money and drugs seized on June 3, 2011. (See Civil Forfeiture Summons and Complaint at 1-5, ECF No. 48-2 at 2-6; see also Order for Default



J. at 1-2, ECF No. 48-3 at 2-3.) Hunt's response in opposition to the defendants' motion for summary judgment merely reiterates his allegation that the defendants confiscated money on June 3, 2011 without a forfeiture hearing but provides no evidence contradicting the defendants' showing that civil forfieture proceedings were indeed instituted. (Pl.'s Resp. Opp'n Summ. J. at 3, ECF No. 53 at 3.) Hunt's response further reasserts his allegation that the defendants confiscated $2,300. (Id.) However, Hunt has forecast no evidence in this case to support such assertions while the defendants have provided affidavit testimony and evidence to show that only $797 in funds were confiscated from Hunt during the June 2011 arrest. (See Putney Aff. at 2, ECF No. 48-9 at 3; Sullivan Aff. at 1, ECF No. 48-11 at 2; Bramlett Aff. at 2, ECF No. 48-12 at 3; see also Property Receipt at 1, ECF No. 48-12 at 5.) Moreover, the defendants point out that, because all monies seized in close proximity to forfeitable controlled substances are subject to forfeiture under South Carolina law, see S.C. Code Ann. § 44-53-520, any amount of money confiscated from Hunt at the time of the arrest would have been subject to forfeiture. Accordingly, based on the record before the court, the court concludes that no reasonable jury could find that the defendants violated Hunt's due process rights. Therefore, the defendants' motion for summary judgment should be granted as to Hunts's due process claims.

**C.     State Law Claims**

The defendants assert that they are entitled to immunity from Hunt's state law claims under the South Carolina Tort Claims Act, which is the exclusive remedy for individuals suing government employees acting within the scope of their employment. See S.C. Code Ann. § 15-78-70(a); see also S.C. Code Ann. § 15-78-20(b) (partially waiving sovereign immunity and providing for "liability on the part of the State, its political subdivisions, and employees, while acting within the scope of



official duty"). Under the Tort Claims Act, the State expressly consents to suit only in a South Carolina state court, and does not consent to suit in a federal court or in a court of another state. S.C. Code Ann. § 15-78-20(e); see also Pennhurst State School & Hospital v. Halderman, 465 U.S. 89, 99 n.9 (1984) (recognizing that a state must expressly consent to suit in a federal district court).

Moreover, the defendants assert that Hunt's state law claims are subject to a two-year statute of limitations period under the Tort Claims Act, see S.C. Code Ann. § 15-78-100(a), and that any state law causes of action would have had to be initiated by Hunt on or before June 3, 2013. The Complaint in this case was received in the prison mailroom on January 6, 2014. (See ECF No. 1-2.)

In his response in opposition to the defendants' motion, Hunt does dispute the applicable limitations period, or address the defendants' contention that his state law claims are barred thereby. Hunt also fails to present evidence to show that the defendants acted outside the scope of their employment, or that the defendants' actions otherwise render the protection of the Tort Claims Act inapplicable. Accordingly, Hunt cannot bring his state tort claims in federal court. See DeCecco v. Univ. of South Carolina, 918 F. Supp. 2d 471, 498 (D.S.C. 2013).

**D.     Other Claims**

To the extent that Hunt's Complaint may be construed to allege any other causes of action, the court finds that Hunt has failed to plead sufficient facts to state a plausible claim. See Iqbal, 556 U.S. 662.



**RECOMMENDATION**

Accordingly, the court recommends that the defendants' motions for summary judgment (ECF Nos. 48 & 62) be granted as to Hunt's federal claims, and Hunt's state law claims be dismissed.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

June 16, 2015
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).